Zhu v. Sessions

BIA
Vomacka, IJ
A088 805 016

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

HUI ZHU,
> *Petitioner,*

v.                                          13-4735
                                            NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Farah Loftus, Century City, California.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Zhu, a native and citizen of China, seeks review of a November 25, 2013, decision of the BIA affirming the March 15, 2012, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zhu*, No. A088 805 016 (B.I.A. Nov. 25, 2013), *aff'g* No. A088 805 016 (Immig. Ct. N.Y. City Mar. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Zhu applied for asylum and related relief based on claims of past religious persecution and a fear of future persecution on account of both her religion and the birth of her children in the United States purportedly in violation of China's population control program.

A. Past Persecution

The agency concluded that Zhu's past persecution claim was

10242016-19

not credible. The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zhu was not credible as to her claim that she suffered persecution in China on account of her Christian faith.

The IJ reasonably relied, in part, on Zhu's demeanor, noting that she appeared to be acting while testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding and the overall credibility determination are bolstered by contradictory evidence regarding whether authorities asked Zhu to sign a confession letter during her alleged detention and whether she signed it. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."); *Xiu Xia Lin*, 534 F.3d at 166-67. Having questioned Zhu's credibility, the agency reasonably relied

3

further on her failure to provide a statement from her husband to corroborate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

B. Well-Founded Fear of Persecution

The agency did not err in finding Zhu's claimed fear of future religious persecution diminished by the fact that her mother and brother, who practice Christianity in an underground church in China, have remained in that country unharmed since Zhu's departure in 2004. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Furthermore, the record evidence provides that tens of millions of Christians practice in unregistered churches in China, and that government officials do not interfere with such practice in some areas of the country. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best"); *cf. Jian Hui Shao*, 546 F.3d at 142-43, 149, 169-70 (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when

4

persecutory acts vary according to locality).

Finally, for largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that Zhu failed to demonstrate her eligibility for relief based on the births of her children in the United States purportedly in violation of China's population control program.  See *Jian Hui Shao*, 546 F.3d at 158-72.

The agency's conclusion that Zhu failed to demonstrate a credible claim of past persecution or a well-founded fear of future persecution is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

10242016-19